UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT HOLVECK,

    Petitioner,

v.                                               CASE NO. 6:02-cv-1562-Orl-19JGG

MICHAEL MOORE,

    Respondent.

## **ORDER**

This case is before the Court on Petitioner's amended habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 10). Respondent filed a response to the amended petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 18). Petitioner filed a reply to the response (Doc. No. 21).

*Procedural History*

Petitioner was charged with one count of armed robbery. After a jury trial, he was found guilty as charged and was sentenced, as a habitual violent felony offender, to life imprisonment. The Florida Fifth District Court of Appeal *per curiam* affirmed the conviction and sentence by order dated April 29, 1997, and mandate was issued on May 16, 1997. *Holveck v. State*, 693 So. 2d 41 (Fla. 5th DCA 1997).

On January 30, 1999,[1] Petitioner filed a petition for injunction, which the state trial court denied on April 8, 1999.

On April 27, 1999, Petitioner filed a petition for writ of habeas corpus, which the state appellate court denied on July 2, 1999. Petitioner's motion for rehearing was denied on August 3, 1999.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on March 24, 1999. The trial court denied many of the claims, but determined that an evidentiary hearing was necessary on some of the claims. After conducting an evidentiary hearing, the trial court denied the remaining claims. The appellate court *per curiam* affirmed the denial, and mandate was issued on October 23, 2002. *Holveck v. State*, 829 So. 2d 233 (Fla. 5th DCA 2002).

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

  In the present case, the appellate court entered its order of affirmance on April 29, 1997. Petitioner then had ninety days, or through July 28, 1997, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under § 2244(d)(1)(A), the judgment of conviction became final on July 28, 1997, and Petitioner had through July 28, 1998, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired). Under the mailbox rule, the instant petition was not filed until November 21, 2002. Since the one year period of limitation ran on July 28, 1998, Petitioner's instant habeas corpus petition was not timely filed and must be denied.

Petitioner filed various motions in state court. However, since the one year period concluded before Petitioner initiated those proceedings, the tolling provision of section 2244(d)(2) does not apply. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

Petitioner argues that the one year period should be subject to equitable tolling "due to cronic [sic] mental illness and repeated seizures of his legal work." (Doc. No. 21 at 1.) According to Petitioner, he was placed in psychiatric isolation on June 23, 1996, due to bizarre behavior and hallucinations. The following day, he was admitted to a crisis stabilization unit ("CSU"). He remained in the CSU until August 7, 1996, when he was committed, pursuant to a court order, to the Department of Corrections Mental Health Institution ("CMHI") where he was also court ordered to take his psychiatric medications.

On March 4, 1997, Petitioner was transferred to the Transitional Care Unit at Zephyrhills Correctional, where he remained until June 13, 1997.

On June 13, 1997, he was transferred to Tomoka Correctional, where he spent his first three days in a psychiatric isolation cell due to delusions and non-compliance with treatment.

Petitioner was next transferred from Tomoka Correctional to a CSU at Lake Correctional Institution, where he remained until January 7, 1998. During his stay at Lake Correctional, Petitioner spent time in the CSU, the transitional care unit, and isolation cells.

In early January of 1998, Petitioner was transferred back to Tomoka, where he was housed in open population for approximately seven months. On August 4, 1998, Petitioner was placed in confinement until September 4, 1998.

On September 4, 1998, Petitioner was transferred to the CSU at Charlotte Correctional Institution where he was placed in psychiatric isolation until September 29, 1998.

On September 29, 1998, Petitioner was transferred to the Zephyrhills CSU where he remained until November 23, 1998. During this time, he was stabilized with psychotropic medications and was permitted to have some of his legal work.

On November 23, 1998, Petitioner was transferred to Tomoka. Due to medication non-compliance, he was placed in psychiatric isolation until December 2, 1998, when he was transferred to the Zephyrhills CSU.

On December 29, 1998, Petitioner was sent to CMHI pursuant to a civil commitment order. After approximately three weeks at CMHI, Petitioner was stabilized on medication, and all his legal materials were returned.

Petitioner contends that he is entitled to equitable tolling from June 11, 1997, when he was placed in a psychiatric isolation cell at Tomoka until the middle of January, 1999, when he was stabilized on psychotropic medication and his legal materials were returned to him.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Moreover, as noted by the Eleventh Circuit Court of Appeals, the doctrine of equitable tolling is an extraordinary remedy which is typically applied sparingly. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

Some courts have recognized that mental incompetence may support equitable tolling of a limitation period. *See Fischer v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001) ; *see also Hood v. Sears, Roebuck & Co.*, 168 F. 3d 231, 232-33 (5th Cir. 1999) (and cases cited therein). However, a petitioner must "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005). Petitioner's allegations fall short of establishing mental incompetence which prevented him from submitting his habeas petition in a timely fashion.

By Petitioner's own admissions, from June 16, 1997, through January 7, 1998, he was housed in the mental health unit at Lake Correctional Institution and during that time he had in his possession at least portions of his legal work. The record also reflects that during this time period, Petitioner was able to file various inmate requests, grievances, and

appeals regarding his legal materials.[2] *See* Doc. No. 21, Exhibit E, documents attached to petition for injunction.

From Lake Correctional Institution, Petitioner was sent to Tomoka Correction Institution where he admittedly spent the next seven months in open population in possession of his legal work. *See* Doc. No. 21 at 4. However, Petitioner alleges that "he was impeded from doing anything due to his cronic [sic] mental illness and his refusal to remain medication compliant." *Id*. On August 4, 1998, approximately one week after the one year period expired, Petitioner was placed in confinement, and his legal papers were seized.

Petitioner's allegations of mental impairment fail to satisfy his high burden of showing that he was unable to pursue his legal rights throughout the entire one year period of limitation. During the first six months of the year, although he was housed in a mental health unit, Petitioner pursued several grievances and had access to his legal materials. *See Braham v. State*, No. 97 Civ. 7121(DLC), 1999 WL 14011 at *4 (S.D.N.Y. January 14, 1999) (finding that the filing of another lawsuit during the alleged incompetency period demonstrated that the plaintiff was capable of pursuing her legal rights); *Chalom v. Perkins*, No. 97 Civ. 9505(LAP), 1998 WL 851610 at *6 (S.D.N.Y. December

---

[2]Petitioner sought to keep all his legal materials in his cell but was advised that he could not do this due to limited space. However, he was informed that a law clerk visited the mental health unit regularly and would bring any papers Petitioner needed. (Doc. No. 21, Exhibit E, documents attached to petition for injunction).

9, 1998) (rejecting an equitable tolling argument that was based on illness because the plaintiff filed an administrative complaint).

During the latter half of the one year period, Petitioner was housed in open population and had possession of his legal materials. *See Nichols v. Dormire*, No. 99-2071, 2001 WL 311006 (8th Cir. April 2, 2001) (rejecting mental impairment as a basis for equitable tolling where the petitioner lived in general population, was employed at the institution, did not suffer hallucinations, was not suicidal, and was capable of registering a written complaint to prison officials during the applicable time period). Furthermore, Petitioner's conclusory statements to the effect that his chronic mental illness impeded his ability to pursue his legal rights during that time period are insufficient to overcome the high hurdle necessary to invoke the doctrine of equitable tolling. *See Torres v. Miller*, No. 99 Civ. 0580 M.M., 1999 WL 714349, at *8 (S.D.N.Y. August 27, 1999) ("[A] petitioner must allege more than the mere existence of physical or mental ailments to justify equitable tolling. A petitioner has the burden to show that these health problems rendered him unable to pursue his legal rights during the one-year time period.").

Since Petitioner has failed to meet his burden of demonstrating that his mental illness prevented him from timely filing the instant habeas petition, equitable tolling is not justified in this case. *Price v. Lewis*, No. 03-6467, 2005 WL 23371 (6th Cir. January 5, 2005) ("Illness–mental or physical–tolls the statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."), *cert. denied*, 126 S.Ct. 221 (2005); *see Fisher v. Johnson*, 174 F.3d at 715 (holding that the period of time during

which petitioner was confined in a psychiatric ward, medicated, separated from his eyeglasses, and denied meaningful access to legal materials did not justify equitable tolling of the limitations period for filing a habeas petition); *Rhodes v. Senkowski*, 82 F.Supp.2d 160,169-70 (S.D.N.Y. 2000) (rejecting argument that extreme headaches, depression, hypertension, weight loss, a fungal infection, an "atypical chest disorder," and three hospitalizations relating to AIDS warranted equitable tolling because petitioner failed to show that "he could not pursue his legal rights throughout the entire one-year period"). Absent the application of equitable tolling, Petitioner's habeas corpus petition must be denied as untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this __16th___ day of November, 2005.

_Patricia C. Fawsett_
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

9

Copies to:
sa 11/16
Robert Holveck
Counsel of Record